IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANDY MAXFIELD,<br><br>Defendant. | CR 13-87-BLG-SPW<br><br>ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |

On January 21, 2021, Defendant Maxfield, representing himself *pro se*, filed a motion seeking termination of his remaining term of supervised release. (Doc. 4). Maxfield was initially sentenced to 180 months of supervision following his release from incarceration. (Doc. 2-3). He began supervision in January 2011. (Doc. 3). In September 2013 his supervision was transferred to the District of Montana. (Doc. 2). Maxfield has completed 120 months of supervision and now requests early termination, arguing termination is warranted because he has not been revoked during this period, he has completed two-thirds of his sentenced supervision period, and has completed sex offender treatment. (Doc. 4).

The United States objects to the early termination of Maxfield's release on the grounds that mere conformity and compliance with the law does not justify early termination and that continued supervision is necessary to protect the community given the nature of Maxfield's offense. (Doc. 10). Defendant's

1

supervising Probation Officer, Rochelle Petri, also objects on the grounds that Maxfield has not demonstrated the extraordinary efforts toward rehabilitation the office expects for early termination of sexual offenders.

The Court appreciates the progress Maxfield has made since being placed on supervised release in reintegrating in the community and his compliance with all his conditions. However, Defendant's supervision has well over four years remaining. The Court is cautious of Maxfield's request at such a stage in his supervised term and is not convinced that such an action is both "warranted by the conduct of the defendant" and in service of "the interest of justice." 18 U.S.C. § 3583(e)(1). The Court does not want to discourage Maxfield from continuing his current path, but he does not present either a record of exceptional success on supervision or truly compelling reasons supporting early release from supervision. Defendant's current path is commendable; however it is not sufficient to warrant early termination with 57 months remaining.

Accordingly, IT IS HEREBY ORDERED that Maxfield's motion for early termination of supervised release (Doc. 4) is DENIED.

DATED this 8th day of April 2021.

Susan P. Watters
United States District Court